### No. 770

#### BUCYRUS TOBACCO CO. v. DRUM & KATCHKE et al.

Ohio Appeals, 3rd District, Crawford County
No. 984. Decided May 2, 1923

**283. PARTNERSHIP.**

Holder of chattel mortgage from one partner, to secure personal debt, is subordinate to claims of general creditors of the partnership.

CROW, J.

Epitomized Opinion

This was a controversy between one Drum, a chattel mortgagee, and the general creditors of a partnership consisting of Sanberry and Goings. Prior to September, 1921, Drum and Stanberry were partners in the operation of a pool room and tobacco store in Bucyrus, Ohio. That on September 21, 1921, the partnership was dissolved, and a new one formed between Stanberry and Goings. Goings purchased from Drum an undivided one-half interest in the pool table equipment and gave a chattel mortgage as security for a portion of the purchase price. This chattel mortgage was duly recorded. After the partnership had created various debts, Drum, the mortgagee, took possession of the mortgaged property. Then the partnership creditors levied execution on this property, after they had reduced their claims to judgment. Finding that the general creditors were entitled to the property, the Court of Appeals held:

1. As the property was owned by the partnership, the mortgage of it by one of the partners to secure his personal obligation, where the one taking under the conveyance had knowledge of such partnership ownership, the interest thus transferred is subordinate to the claims of the partnership creditors.

Attorneys—D. L. Sears, for Bucyrus Co.; C. U. Ahl, for Drum & Katchke et al.

---

### No. 771

#### BORGER et al v. EVANS

Ohio Appeals, 3rd District, Mercer County
376. Decided April 28, 1923

**294. PLEADINGS.**

No misjoinder of parties plaintiff when there is only one—It is no misjoinder of causes of action when only one cause is set up—Suit by one plaintiff for others under 11257 GC. must allege impracticable to bring others in.

CROW, J.

Epitomized Opinion

This is an action brought by Borger "for himself and others" against Evans, County Treasurer, to enjoin the collection of an assessment for the improvement of a road. In the body of the petition the only remark that plaintiff made to the other plaintiffs was an allegation that the others severally owned tracts of land assessed for the same improvement. The plaintiff claimed that the injunction should be granted because the several tracts of land were not benefitted to the extent of the assessments. A demurrer was filed by the County Treasurer upon the grounds of misjoinder of parties plaintiff and causes of action. In overruling the demurrer, the Court of Appeals held:

1. As there was only one plaintiff, there was no misjoinder of parties plaintiff.

2. As only one cause of action was set forth in the petition, there was no misjoinder of causes of action.

3. Before one plaintiff can sue for the benefit of many under 11257 GC., it must be alleged that it is impracticable to bring the other parties before the court, which was not done in this case.

Attorneys—Myers & Myers, for Borger et al; Frank L. Kloeb, for Evans.